FILED

2021 Jun-29  PM 05:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **LANITRA JETER,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No:** |
| | | **2:20-CV1863-ACA** |
| **JEFFERSON COUNTY DISTRICT ATTORNEY'S OFFICE,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### DEFENDANT'S MOTION TO STRIKE
### PLAINTIFF'S SECOND AMENDED COMPLAINT

Comes now the Defendant, Jefferson County District Attorney's Office, by and through its attorney of record, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby requests that this Court enter an Order striking the Second Amended Complaint in this action filed against the Defendant, and as grounds states as follows:

### RULE 15 F.R.Civ.P.

Rule 15 of the F.R.Civ.P. governs the filing of amended and supplemental pleadings, and provides in pertinent part:

**(a) Amendments Before Trial.**

　**(1) Amending as a Matter of Course.**  A party may amend its pleading once as a matter of course within:

　　**(A)** 21 days after serving it, or

1

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (c), or (f), whichever is earlier.

> **(2) Other Amendments**.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

1.    The Plaintiff filed this action on November 23, 2020, pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e- through 2000e-17. (Doc. 15-1, p. 16).  Plaintiff filed her Charge of Discrimination (Charge), against the Jefferson County District Attorney's Office with the Equal Employment Opportunity Commission (EEOC) on April 3, 2020.  The EEOC issued its Dismissal and Notice of Rights in Case Number 420-2020-00512 on September 1, 2020. (Doc. 15-1, p. 21).  Based on a letter attached to her Charge, the discriminatory incident that Plaintiff stated was the crux of her allegations occurred on September 23, 2019. (Doc. 15-1, p. 23), which was outside the 180-day period in which to file a Charge.

2.    The Plaintiff filed an Amended Complaint as a matter of course, on March 19, 2021. (Doc. 17, pp 1-7).  In her Amended Complaint the Plaintiff attempts to address this fact by asserting that she filed her Charge with the EEOC on November 18, 2019. (Doc. 15-1, p. 12, ¶ A).  The Defendant filed a Motion to Dismiss Amended Complaint on May 24, 2021. (Doc. 22).

3.    The Plaintiff filed a Motion to Amend the Complaint (Doc. 25) and a proposed second amended complaint on June 3, 2021 (Doc. 25-1, p. 1), the Plaintiff

added a claim under 42 U.S.C. § 1981 and asserted that she filed a second Charge of Discrimination with the EEOC on March 16, 2020, Case Number 420-2020-01667, which she alleges was merged into Case Number 420-2020-00512.  (Doc. 25-1, p. 2).

4.     The Court entered an Order on June 8, 2021, directing the Plaintiff to file the Second Amended Complaint separately on the docket on or before June 22, 2021, and to attach a copy of the two charges she filed with the EEOC to the Second Amended Complaint when filed. Plaintiff failed to attach a copy of the EEOC Charge of Discrimination filed on November 18, 2019, or the Charge filed on March 16, 2020.

5.     The Second Amended Complaint filed with the Court on June 22, 2021, (Doc. 27), is not identical to the proposed second amended complaint presented to the Court on June 3, 2021.  The Second Amended Complaint filed on June 22, 2021, has three new paragraphs inserted after Paragraph 49.   The Defendant contends that this is a third amendment to the Complaint, and one for which she has not been granted leave by the Court in violation of Fed.R.Civ.P. 15(a)(2).

6.     The Second Amended Complaint filed with the Court on June 29, 2021, (Doc. 29), is not identical to the proposed second amended complaint presented to the Court on June 22, 2021.  The Second Amended Complaint filed on June 29, 2021, is a complete overhaul of the June 22nd Amended Complaint. (Doc. 27).   The

Defendant contends that this is a fourth amendment to the Complaint, and one for which she has not been granted leave by the Court in violation of Fed.R.Civ.P. 15(a)(2).

7.     Contrary to the Court's Order, dated June 23, 2021 (Doc. 28), the Plaintiff has failed to attach a copy of the EEOC Charge of Discrimination filed on November 18, 2019, or the Charge filed on March 16, 2020.  The Defendant asserts that no Charge was filed with the EEOC on either date.

WHEREFORE, the above premises considered, the Defendant prays that this Honorable Court will strike both the Second Amended Complaint filed on June 22, 2021, and the Second Amended Complaint filed on June 29, 2021, and grant any other relief to which the Defendant is entitled.

Respectfully submitted on this the 29th day of June 2021.

STEVE MARSHALL
ALABAMA ATTORNEY GENERAL

*/s/ Gwendolyn B. Garner*
GWENDOLYN B. GARNER (ASB-2196-R68G)
ATTORNEY FOR DEFENDANT

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Post Office Box 300152
Montgomery, AL 36130
Telephone: (334) 242-7300
Facsimile: (334) 353-8400
Gwendolyn.Garner@AlabamaAG.gov

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 29th day of June 2021, I electronically filed the

foregoing with the Clerk of the Court using the CM-ECF e-filing system, which will

send notification of such filing to the following:

LaNitra Jeter
1916 Live Oak Trace
Birmingham, AL 35235

*/s/ Gwendolyn B. Garner*