# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| LANITRA JETER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO:  2:20-cv-01863-ACA |
| | ) |
| JEFFERSON COUNTY, ALABAMA, | )   JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW Plaintiff LaNitra Jeter ("Plaintiff") and files this action for legal and equitable relief to secure the protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as "The Civil Rights Act of 1964," as amended, 42 U.S.C. Section 2000e *et seq.* ( "Title VII") and 42 U.S.C. § 1981 ("Section 1981" or "§ 1981") on the basis that Defendant Jefferson County, Alabama ("Defendant") subjected Plaintiff to unlawful race discrimination and retaliation.[1]

## JURISDICTION AND VENUE

---

[1] The Court has already denied a motion to dismiss Plaintiff's Second Amended Complaint (Corrected, doc. 31) (doc. 47), and Defendant has already answered it (doc. 54).  For that reason, the undersigned has resisted the impulse to re-plead this entire case.  Plaintiff has, for the most part, reproduced the operative complaint (doc. 31) here with some elaboration (*e.g.*, Count II) and a different defendant.

1. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4); 42 U.S.C. §§ 1981, 2000e et seq.

2. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to all claims alleged herein occurred within the judicial district of the United States District Court for the Northern District of Alabama, Southern Division.

**CONDITIONS PRECEDENT**

3. All conditions precedent to the filing of this lawsuit have been fulfilled.

4. Within 180 days of many of the occurrences of which she complains, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). She first filed a Charge on November 18, 2019. *See* Exhibit 1. She filed a second Charge on March 16, 2020. *See id.* Because the Plaintiff's harassment, discrimination, and retaliation from the Defendant, which led to her wrongful termination was ongoing the EEOC merged both charges into one under Case Number 420-2020-00512. *See* Exhibit 2. The EEOC instructed the Plaintiff to write a letter detailing the events of discrimination, harassment, and retaliation for a better understand of the facts. *See* Exhibit 3.

5. The EEOC issued a Notice of Right to Sue on September 1, 2020. *See*

Exhibit 4.

6. Plaintiff timely filed her Complaint on November 23, 2020. (Doc. 1).

## PARTIES

7. Plaintiff LaNitra Jeter an African American ("black") female who worked for Defendant in Birmingham, Alabama from April 2019 to March 2020. Plaintiff is a resident of Jefferson County, Alabama.

8. Defendant Jefferson County, Alabama employed Plaintiff such that she was an "employee" of Defendant within the meaning of Title VII and for the purposes of 42 U.S.C. § 1981.

9. Plaintiff worked as Defendant's employee at the District Attorney's Office located at 801 Richard Arrington Jr. Blvd. North, Birmingham, AL. 35203.

## FACTUAL ALLEGATIONS

10. Plaintiff is a member of a protected class (African-American) who experienced and suffered race discrimination, harassment and retaliation while employed as a Victim Service Officer with the Defendant.

11. Plaintiff was not allowed to accrue compensatory time as the only black employee, while Caucasian Victim Service Officers could.

12. Plaintiff avers that race was the only meaningful difference between herself and her white counterparts, and that Judy Yates and Michael McCurry (both

white) knew this.

13. Plaintiff reported and complained to Joe Roberts, Chief Deputy District Attorney, also a Caucasian male Supervisor, about race discrimination she was experiencing from Judy Yates and Michael McCurry in late October 2019; she also complained directly to Mr. Carr in-person about race discrimination around the same time, but her complaints were ignored.

14. On October 28, 2019, a few days after these complaints, Plaintiff arrived at work to find a cutout of a black rat placed on her door.

15. This is a claim against the Defendant for the intentional and illegal discrimination against Plaintiff because of her race.

16. Defendant denied Plaintiff the same rights under their contract of employment as it affords Caucasian citizens, due to her race (African American).

17. Defendant treated similarly situated employees who are outside Plaintiffs protected class more favorably.

18. Plaintiff suffered an adverse employment action by being terminated on March 16, 2020.

19. The Caucasian Victim Service Officers were not terminated.

20. A Caucasian Victim Service Officer was allowed to leave the office early for her routine hair appointments with no repercussions to her compensatory

time.

21. A Caucasian Victim Service Officer was allowed to leave the office early almost every day. She did not want to drive when it started to get dark. She did not have any repercussions to her compensatory time.

22. Caucasian Victim Service Officers were not required to bring doctor excuses back to Supervisor Judy Yates from their doctor appointments.

23. Plaintiff was required to bring doctor excuses back to Supervisor Judy Yates from her doctor appointments.

24. A Caucasian Victim Service Officer utilized company time to study for the LSAT during work hours.

25. Plaintiff was advised by Supervise Judy Yates that all Victim Service Officers are required to utilize 100% of company time (work hours) for Victim Service work only.

26. Plaintiff developed major depression, anxiety, suicidal ideations and started to self-harm.

27. The Plaintiff filed the original charge with the EEOC on November 18, 2019. Plaintiff filed a second charge on March 16, 2020. Since the original charge was still open the EEOC merged both charges under original Case Number 420-2020- 00512.

28. Plaintiff filed an EEOC Charge while an employee of the Defendant, and this is statutorily protected activity.

29. In fact, the only meaningful difference between Plaintiff and the above-described comparators is that she is African-American, and they are not.

## CAUSES OF ACTION

### COUNT I
**(Race Discrimination in Violation of Title VII and 42 U.S.C. § 1981)**

30. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 7-12, 15-26, 29, & 56 as if set forth fully herein.

31. Judy Yates, Caucasian female Supervisor met with Plaintiff on September 23, 2019 to inform Plaintiff she would no longer be allowed to accrue comp time even though the other three Caucasian female Victim Service Officers could. Plaintiff was also informed she would need to bring a doctor's excuse back from her already scheduled doctor's appointment. The other three Caucasian female Victim Service Officers (1) worked under the same supervisor, (2) were subject to the same policies and procedures, and (3) held the same position as the Plaintiff, however the Plaintiff was treated differently.

32. Plaintiff met with Judy Yates, Caucasian female Supervisor and Michael McCurry, Caucasian male Supervisor about being prohibited from

accruing compensatory time while the other three Caucasian female Victim Service Officers could. At the meeting, Plaintiff was advised she was being prohibited from accruing compensatory time because she was using her compensatory time as soon as it was accrued, and it had been noticed within the office, which consists of male and female Caucasians.

33. Plaintiff attempted to explain to Judy Yates and Michael McCurry that she used her compensatory time to go to her doctor appointments as she has been extremely ill the last few months and was overly concerned for her health.

34. Judy Yates and Michael McCurry advised Plaintiff she did not need to explain as it was her business how she used her accrued compensatory time.

35. Plaintiff responded to Judy Yates and Michael McCurry asking if it is her business how she used her accrued compensatory time why is it being taken away. Plaintiff did not receive a response from Judy Yates nor Michael McCurry.

36. Plaintiff emailed Joe Roberts, Chief Deputy District Attorney, also a Caucasian male Supervisor and complained about the race discriminatory treatment she is experiencing from Judy Yates and Michael McCurry. Plaintiff was informed by Joe Roberts, Chief Deputy District Attorney to follow her chain of command.

37. On October 28, 2019, a few days after emailing Joe Roberts, Chief

Deputy District Attorney, the Plaintiff arrived at work to find a cutout of a black rat placed on her door. No other Caucasian female Victim Service Officer had a cutout placed on their door.

38. This is a claim against the Defendant for the intentional and illegal discrimination against Plaintiff because of her race. Defendant denied Plaintiff the same rights under their contract of employment as it affords Caucasian citizens, due to her race (African-American).

39. Defendant employed Plaintiff.

40. Plaintiff is a member of a protected class (African-American).

41. Plaintiff was at all times qualified to perform her duties while employed by Defendant.

42. As detailed above, Plaintiff alleges that the following Caucasian Supervisors harbored racial animus towards African American employees:

43. Defendant treated similarly situated employees who are outside Plaintiff's protected class more favorably. This is evidenced by, among other things, the fact that Plaintiff was denied accrual of compensatory time while the other three Caucasian Victim Service Officers could continue to accrue compensatory time and the cutout of a black rat being placed on Plaintiff's office.

44. Defendant, by and through Judy Yates, Caucasian female Supervisor,

Michael McCurry Caucasian male Supervisor, and Joe Roberts, Caucasian male Supervisor subjected Plaintiff to an adverse employment action by termination Plaintiff on March 16, 2020.

45. Defendant, by and through Judy Yates, Michael McCurry and Joe Roberts engaged in a course or pattern of conduct that, taken as a whole, materially, and adversely affected the terms, conditions, or privileges of the Plaintiffs employment. The Defendant impaired the Plaintiff's job performance or prospects for advancement or promotion.

46. Defendant fired Plaintiff because of her race, and the decision to fire plaintiff was motivated by her race. and would not have fired Plaintiff but for the fact that she is African-American. *See Bostock v. Clayton Cty., Georgia*, 140 S. Ct. 1731, 1739, 207 L. Ed. 2d 218 (2020) (explaining "but for" causation and that an event may have many "but-for causes"); 42 U.S.C. § 2000e-2(m); *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227 (11th Cir. 2016) (addressing mixed-motive claims under Title VII).

47. Defendant has an established Human Resources department that trains its managers and supervisors on the requirements of federal laws dealing with employment discrimination. Defendant's agents knew or should have known that their actions against Plaintiff were in violation of Title VII and Section 1981, and

Defendant acted in reckless disregard of Plaintiff's rights under these statutes.

48. As a proximate result of Defendant's unlawful discrimination, Plaintiff has suffered financial and economic loss, loss of employment, shame, humiliation, emotional and physical injury, distress, and physical and emotional trauma.

49. Plaintiff developed major depression, anxiety, suicidal ideations and started to self-harm.

50. Plaintiff seeks declaratory and injunctive relief, an award of back pay, reinstatement (or front pay in the event reinstatement is deemed inappropriate), compensation for loss of benefits and other make-whole relief, pre- and post judgment interest, compensation for loss of career opportunities, compensatory and punitive damages for mental anguish and physical injury, attorneys' fees, costs, expenses, and any and all such other relief deemed appropriate.

## COUNT II
**(Retaliation in Violation of Title VII and 42 U.S.C. § 1981)**

51. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 2, 7-14, 16, & 18-28 as if set forth fully herein.

52. This is a claim against Defendant for illegal and intentional acts of retaliation against Plaintiff for engaging in protected activity.

53. Plaintiff engaged in statutorily protected activity by reporting race

discrimination to Joe Roberts, Chief Deputy District Attorney (and to District Attorney Danny Carr) and again when she filed her Charge of Discrimination with the EEOC.

54. Plaintiff filed an EEOC Charge while an employee of the Defendant, and this is statutorily protected activity. The EEOC would have promptly notified Defendant about the Charge. This usually takes a week or so, but due to the EEOC having an extreme backlog there was a longer delay.

55. Plaintiff reported race discrimination to Joe Roberts, Chief Deputy District Attorney, Caucasian male (and District Attorney Danny Carr) and, therefore, engaged in statutorily protected activity for the purposes of Title VII and Section 1981. Plaintiff had no performance issues and there was no reason to think her job was in jeopardy. Suddenly now that Plaintiff complained about discrimination to upper management Plaintiff has people taunting her, identifying her as a "black rat" for standing up against race discrimination. And then Defendant fired the Plaintiff with no reason whatsoever.

56. Instead of responding to Plaintiffs legitimate concerns regarding unlawful race discrimination. Defendant, by and through its agents, began a campaign of retaliation. Judy Yates verbally harassed Plaintiff on a continuous basis. After group Victim Service Officer Meetings Defendant, Judy Yates would

enter Plaintiff's office to advise Plaintiff she was not allowed and restricted from utilizing information given to the Victim Service Officers during the group meeting. Defendant, Judy Yates did not enter the offices or restrict the other three Caucasian Victim Service Officers from utilizing given information.

57. Plaintiff alleges engaged in a statutorily protected activity, she suffered adverse employment actions, and a causal connection exists between the protected activity and the adverse employment actions.

58. Plaintiff meets all criteria. She reported and complained of race discrimination to upper management about not being allowed to accrue compensatory time like the other Caucasian Victim Service Officers; she suffered an adverse employment action, as she was terminated from employment on March 16, 2020; and there is a causal connection between complaining about race discrimination with compensatory time, ongoing harassment and retaliation, filing EEOC charge on November 18 2019 and her termination on March 16, 2020.

59. In retaliation for Plaintiff's protected activity, Defendant terminated Plaintiff in March 2020 and forced her to endure a retaliatory hostile work environment, *see Monaghan v. Worldpay US, Inc.*. 955 F.3d 855 (11th Cir. 2020) before that time. To that end Plaintiff alleges that Defendant subjected her to the following, among other, adverse employment actions which would dissuade a

reasonable worker from making or supporting a charge of discrimination: denying her comp time; publicly shaming her as a "black rat"; obstructing Plaintiff's ability to take leave while not doing so to employees do did not claim, including family emergency-related leave and personal-health related leave, micromanaging Plaintiff, following Plaintiff, telling Plaintiff she could not bring a gun to work despite having a concealed carry permit, not allowing Plaintiff the same work schedule flexibility as her counterparts who did not complain, trying to intimidate Plaintiff into having her husband drop criminal charges that Defendant had to do work on, causing Plaintiff to cancel important doctors' appointments, spreading rumors and lies about Plaintiff, being singled out, painting Plaintiff in a false light by having her escorted in a walk of shame off the premises by armed guards as if she were dangerous, breaking and refusing to return some of Plaintiff's personal items after termination, and giving Plaintiff reason to believe (whether true or not) that her husband was denied justice for crimes he suffered because of Plaintiff's protected activity.

60.   Defendant's unlawful retaliation proximately caused Plaintiff to suffer financial loss, emotional distress, and other pecuniary and non-pecuniary losses for which she claims damages.

61.   Further, there was a close temporal proximity between the filing of the

charge (November 18, 2019), continuous ongoing harassment from Defendant (October 2019 to March 16, 2020) and the termination (March 16, 2020), which constituted an adverse employment action.

62.  Plaintiff seeks declaratory and injunctive relief, an award of back pay, reinstatement (or front pay in the event reinstatement is deemed inappropriate), compensation for loss of benefits and other make-whole relief, pre- and post judgment interest, compensation for loss of career opportunities, compensatory and punitive damages for mental anguish and physical injury, attorneys' fees, costs, expenses, and any and all such other relief deemed appropriate.

Wherefore, Plaintiff respectfully requests this Court to grant the relief sought through each of the above-stated Counts.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

Submitted on this, the 12th day of October, 2021.

Respectfully submitted,

*/s/ Brian O. Noble*[2]
Brian O. Noble
Co-counsel for Plaintiff

**OF COUNSEL:**
**CAPSTONE LAW, LLC**
2119 3rd Ave N, Ste 202

---

[2] *See* note 1, *supra*.

Birmingham, Alabama 35203

Phone: (205) 578-1210

brian.noble@caplawllc.com

**HKM EMPLOYMENT ATTORNEYS LLP**
Artur Davis
Co-counsel for Plaintiff
2024 3rd Ave. N, Suite 307
Birmingham, AL 35203
Phone: (205)881-0935
adavis@khm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Robert R. Riley, Jr.
James E. Murrill, Jr.
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, Alabama 35209
(205) 879-5000 telephone
(205) 879-5901 facsimile

*/s/ Brian O. Noble*
OF COUNSEL