FILED
2022 May-31 PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LANITRA JETER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 2:20-CV-01863-ACA |
| | ) |
| **DANNY CARR, in his official capacity as District Attorney of Jefferson County,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT DANNY CARR'S FIRST INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Plaintiff LaNitra Jeter ("Plaintiff" or "Jeter") and responds to the Interrogatories and Requests for Production of Documents propounded by Defendant Danny Carr in his official capacity as District Attorney of Jefferson County ("Defendant" or "the DA"):

### Objections to Definitions Section

Plaintiff objects to the Definitions section of the DA's First Interrogatories and Requests for Production of Documents (and the instructions therein) on the grounds that parts of this section are inconsistent with and/or seek to impose obligations on Plaintiff which are greater than those imposed by the Federal Rules of Civil Procedure. Additionally, Plaintiff objects to this section because parts are vague, ambiguous,

1

overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's responses, which follow, are made subject to and without waiving these objections.

### Plaintiff's Response to the DA's Interrogatories

1. Please identify the person(s) answering these interrogatories.

**RESPONSE**: Like any prudent party to a lawsuit, Plaintiff LaNitra Jeter answered these interrogatories with the assistance of her attorneys.

2. Other than the above-styled lawsuit, please identify each and every lawsuit to which you have been a party, the nature of the lawsuit, and the disposition of the lawsuit.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is overbroad in subject matter and temporal scope, and it contains compound, conjunctive, and/or disjunctive questions. Subject to and without waiving her objections, as her answer, Plaintiff refers the DA to EM/ECF Documents 7, 7-1, and 7-2, which Plaintiff has produced along with these responses.

3. Please identify each and every time that you have been arrested, the charges brought against you for said arrests, and the disposition of said charges.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is overbroad in subject matter and temporal scope, and it contains compound, conjunctive, and/or disjunctive questions. Subject to and without waiving these objections, Plaintiff states that she has a clean arrest record.

4. Please identify each and every employer you have had, the dates of your employment, the position in which you were employed, your supervisor for each

such employment, and the reason you left such employment.

**RESPONSE**: Plaintiff objects to this interrogatory on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is overbroad in subject matter and temporal scope, it contains compound, conjunctive, and/or disjunctive questions, and it is unduly burdensome. Plaintiff further objects to the extent the interrogatory calls for legal analyses and conclusions (*e.g.*, requiring Plaintiff to state the reason for an involuntary separation that is now the basis of a legal action). Subject to and without waiving her objections, as her answer, Plaintiff refers the DA to EM/ECF Documents 7, 7-1, and 7-2, which Plaintiff has produced along with these responses. In addition, Plaintiff answers as follows:

- 2000-2005 Blue Cross Blue Shield of Alabama, Inquiry Analyst, Human Resources, promoted;
- 2005-2012 Blue Cross Blue Shield of Alabama, Subrogation Analyst, Human Resources, resigned for a position at a different agency;
- 2012-2013 Viva Health, Claims Analyst, Human Resources, resigned for a position in a different field of work;
- 2012-2013 Glenwood Autism and Behavioral Health Center, Mental Health Associate, resigned for a position in a different field of work;
- 2012-2013 Alabama Clinical Schools, Human Resources, resigned for a position in a different field of work;
- 2013-2019 Infinity Insurance, Claims Adjuster II, Human Resources, resigned for a position in a different field of work;
- 2016 – present Birmingham Family Counseling and Mediation Center, Human Resources, employed as part time therapist;
- 2019 – 2020 Jefferson County District Attorney Office, Victim Service Officer, Human Resources, unlawfully fired. I stood up for myself and reported the race discrimination I experienced, among other things. I guess this made me a "black rat," and that's exactly what I found waiting for me at work: a black rat. I refused to be quieted. I was fired and filed this lawsuit.

5. Please identify each and every employment position you have held with

District Attorney Carr. Please include in your answer the dates on which you held

3

each position.

**RESPONSE**:  April 16, 2019 – March 16, 2020, Jefferson County District Attorney Office, Victim Service Officer.

6. Please identify each and every time that District Attorney Carr discriminated against you on the basis of your race. Please include in your answer the date(s) of the alleged discrimination and the person(s) who allegedly discriminated against you.

**RESPONSE**: Plaintiff objects to this interrogatory because it asks her to make definitive legal conclusions before discovery has been completed (or barely even begun), and it seeks information better obtained by deposition.  Plaintiff has no obligation to write myriad paragraphs for the DA here, or to answer at all. Nonetheless, subject to and without waiving her objections — in the spirit of cooperation but without limiting her claims in this lawsuit in any way — Plaintiff, as her answer, refers the DA to the pleadings and exhibits thereto, her EEOC charge and related documents, the parties' document production, her initial disclosures, and these responses. In addition, Plaintiff states as follows:

- Comp time taken away while Caucasian Victim Service Officers retained their comp time. My Comp time was taken away by Judy Yates and Michael McCurry. And even when I had Comp time, it was under different "rules" compared to my Caucasian counterparts.
- Made to bring doctor's excuse to confirm I had an appointment. Ordered by Judy Yates and Michael McCurry.
- Made to request permission from Judy Yates and or Michael McCurry to work through lunch while working a project. No Caucasian Victim Service Officer had to request permission.
- Only Victim Service officer who did not receive new office furniture by Michal McCurry even though I was hired before Caucasian Victim Service Officer.
- Only Victim Service officer made by Michael McCurry to ask Caucasian Victim Service Officer Erin Barefield if she wanted the vacant office before I could have permission to occupy the empty office.

4

- Constantly being watched and reported by Judy Yates, Michael McCurry, Cheryl Black, Joe Roberts and various other Caucasian staff (don't know all their names).
- Only Victim Service officer made by Judy Yates to clock out or use time when someone visited my office, while Caucasian Victim Service officer constantly had visitors in her office without having to clock out or use time.

7. Please identify your immediate supervisor(s) during your employment with District Attorney Carr, and the date(s) said person was your immediate supervisor.

**RESPONSE**: Judy Yates, April 2019 to March 2020.

8. Please identify each and every time that you reported any discrimination you identified in your response to Interrogatory Number 6 to District Attorney Carr or any employee of District Attorney Carr. Please include in your answer the name of the person to whom you made the report and the date of said report.

**RESPONSE**: In my office, on or around the end of September 2019 and the middle of October 2019 to Erin Barefield; In my office, on or around the end of September 2019 and the middle of October 2019 to Elise Driskill; At the receptionist desk on or around middle of October 2019 to Edwina Johnson; In the office of District Attorney Danny Carr to District Attorney Danny Carr in or around October 2019 (April Smith should have the exact date of that event). There are (or should be) emails related to my meeting and reporting discrimination.

9. Please identify each and every act of retaliation that District Attorney Carr allegedly took against you. Please include in your answer the date(s) that the retaliation allegedly took place and the person(s) who allegedly retaliated against

5

you.

**RESPONSE**: Plaintiff incorporates her objections in response to Interrogatory No. 6 as part of her answer to this interrogatory. Subject to and without waiving her objections, Plaintiff, as her answer, refers the DA to the pleadings and exhibits thereto, her EEOC charge and related documents, the parties' document production, her initial disclosures, and these responses.  In addition, Plaintiff states as follows:

- October 2019, cut out of black rat placed on my name plate outside my office, unknown party;
- November 2019, comp time purposely restricted by Judy Yates and Michael McCurry;
- My husband's DV and harassing communication cases purposely mishandled, dismissed and no billed to retaliate against me by Atty Warren Brooks, Atty Joe Roberts and Judge Katrina Ross;
- March 16, 2020, purposely humiliated by Atty Joe Roberts by having me escorted out of the building by two-armed Sheriff Officers;
- March 16, 2020, purposely wrongfully terminating me for my race and retaliation for reported race discrimination by Atty Joe Roberts and Judy Yates;
- Only Victim Service officer that did not receive new office furniture by Michal McCurry even though I was hired before the Caucasian Victim Service Officer that did receive new office furniture.

10. Please identify each and every time that you reported any retaliation you identified in your response to Interrogatory Number 9 to District Attorney Carr or any employee of District Attorney Carr. Please include in your answer the name of the person to whom you made the report and the date of said report.

**RESPONSE**: I did not report retaliation to anyone in the District Attorney's Office due to the mistreatment I was presently going through. I thought reporting the retaliation would make the work environment more hostile for me.

11. Please identify the "similarly situated employees who are outside

6

Plaintiff[']s protected class" whom you claim District Attorney Carr treated more favorably. *See* Third Am. Compl. [Doc. 61] at ¶ 17.

**RESPONSE**: Plaintiff incorporates her objections in response to Interrogatory No. 6 as part of her answer to this interrogatory. Subject to and without waiving her objections, Plaintiff, as her answer, refers the DA to the pleadings and exhibits thereto, her EEOC charge and related documents, the parties' document production, and these responses. In addition, Plaintiff states as follows: (1) Judy Yates; (2) Cheryl Black; (3) Erin Barefield; (4) Elise Driskell; and (5) any other individual(s) made known through the discovery process.[1]

12. Please identify the "Caucasian Victim Service Officer [who] was allowed to leave the office early for her routine hair appointments with no repercussions to her compensatory time." *See* Third Am. Compl. [Doc. 61] at ¶ 20.

**RESPONSE**: Cheryl Black.

13. Please identify the "Caucasian Victim Service Officer [who] was allowed to leave the office early almost every day[, who] did not want to drive when it started to get dark[, and who] did not have any repercussions to her compensatory time." *See* Third Am. Compl. [Doc. 61] at ¶ 21.

**RESPONSE**: Cheryl Black.

---

[1] Plaintiff had no attorney when she filed this lawsuit; accordingly, her complaint (including her use of legal terms) is imprecise. Even so, the Court denied the DA's attempts to have this case dismissed and concluded that Plaintiff has meritorious claims. (Doc. 47) ("Because Ms. Jeter has alleged facts that, taken as true and construed in her favor, state claims for race discrimination and retaliation, the court DENIES the motion to dismiss.").To be clear, Plaintiff is not required to identify a comparator to establish her discrimination claim. She may do so (and she intends to do so) by presenting evidence that a reasonable juror could conclude that the challenged employment decisions (*e.g.*, the termination) were motivated by Plaintiff's race. *See* 42 U.S.C. § 2000e-2(m); *Quigg v. Thomas Cty. Sch. Dist.*, 814 F.3d 1227 (11th Cir. 2016) (addressing mixed-motive claims under Title VII).

14. Please identify the "Caucasian Victim Service Officer [who] utilized company time to study for the LSAT during work hours." *See* Third Am. Compl. [Doc. 61] at ¶ 24.

**RESPONSE**: Elise Driskill.

15. Please identify each and every amount of economic damage, if any, you claim that you sustained as a result of the incidents made the basis of the Third Amended Complaint.

**RESPONSE**: Plaintiff objects to this interrogatory because it asks her to make definitive legal conclusions before discovery has been completed (or barely even begun), and her damages are ongoing. Further, Plaintiff objects to the term "economic damage" as vague and ambiguous; she is not entirely sure what information the DA wants. Subject to and without waiving her objections, Plaintiff, as her answer, refers the DA to her initial disclosures and supplements thereto. In addition, Plaintiff states that she has lost her income ($40,000 annual) and benefits, and she has incurred costs for treatment due to Defendant's unlawful actions.

16. Please identify each and every medical provider (including any mental healthcare provider) that you have seen related to any injuries that you claim that you sustained as a result of the incidents made the basis of the Third Amended Complaint.

**RESPONSE**: Plaintiff refers the DA to her document production and states as follows: Dr. Rick Brown; Dr. Edward Kim; Dr. Mallory Scoggins; Dr. Michael Putman; Dr. Adeel Rabbani.

17. Please identify any and all of your proposed expert witnesses (including medical experts), the field in which you claim that they are experts, and the subject matter on which the expert is expected to testify.

8

**RESPONSE**: None at present.

18. Please identify each and every person from whom you have obtained, or from whom you plan to obtain, a written or oral statement regarding their knowledge of the matters relevant to this lawsuit.

**RESPONSE**: Plaintiff objects to this interrogatory to the extent it seeks privileged attorney-client and/or work product information. Plaintiff further objects on the basis that the interrogatory is overbroad, it contains compound, conjunctive, and/or disjunctive questions, and it calls for legal analyses and conclusions (*e.g.*, "relevant to this lawsuit"). Further, Plaintiff objects to the term "oral statement" as vague and ambiguous. Subject to and without waiving her objections, Plaintiff states that she is unsure of her "plans," but she has good reason to believe that Elise Driskell (and likely Erin Barefield as well) would provide testimony corroborating some of her allegations. Plaintiff has no statements at this time.

### Plaintiff's Response to the DA's Requests for Production

1. Please produce any and all documents referenced in your answers to the above-stated interrogatories.

**RESPONSE**: Plaintiff objects to this request because it could conceivably be construed as seeking documents privileged by the attorney-client and/or attorney work product doctrines. Subject to and without waiving this objection, Plaintiff states that she will produce responsive documents.

2. Please produce any and all documents relied upon in formulating your answers to the above-stated interrogatories.

**RESPONSE**: Plaintiff objects to this request because it seeks documents protected by the attorney-client and/or work product doctrines. Subject to and without waiving this objection, Plaintiff states that she will produce responsive documents.

3. Please produce each and every document identified by you in your Initial Disclosures.

**RESPONSE**: Plaintiff will produce documents responsive to this request.

4. Please produce all written communications you had with District Attorney Carr, or any employee of District Attorney Carr, about any of the alleged discrimination you identified in your response to Interrogatory Number 6.

**RESPONSE**: Plaintiff incorporates her objections in response to Interrogatory No. 6, *supra*, as part of her answer to this request. Subject to and without waiving her objections, Plaintiff states she will produce documents responsive to this request.

5. Please produce all written communications you had with District Attorney Carr, or any employee of District Attorney Carr, about any of the alleged retaliation you identified in your response to Interrogatory Number 9.

**RESPONSE**: *See* response to Request 4.

*As to Objections and Requests for Production*:

/s/ Brian O. Noble
Brian O. Noble
Co-counsel for Plaintiff

**OF COUNSEL:**

**CAPSTONE LAW, LLC**
2119 3rd Ave N, Ste 202
Birmingham, Alabama 35203
Phone: (205) 578-1210
brian.noble@caplawllc.com

**HKM EMPLOYMENT ATTORNEYS LLP**
Artur Davis
3355 Lenox Rd. NE, Suite 705

Atlanta, GA 30326
Phone: (404) 220-9165
adavis@khm.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of November, 2021, I emailed the foregoing Plaintiff's Response to Defendant's First Interrogatories and Requests for Production to:

Robert R. Riley, Jr.
rob@rileyjacksonlaw.com
James E. Murrill, Jr.
jay@rileyjacksonlaw.com
RILEY & JACKSON, P.C.
3530 Independence Drive
Birmingham, Alabama 35209
(205) 879-5000 telephone
(205) 879-5901 facsimile

>                                  */s/ Brian O. Noble*
>                                  OF COUNSEL

## VERIFICATION OF INTERROGATORY RESPONSES

STATE OF ALABAMA        )
COUNTY JEFFERSON        )

Before me, a notary public in and for said county in said state, personally appeared LaNitra Jeter, who being by me first duly sworn, deposes and says on oath that she has beliefs and avers that the facts alleged in the foregoing interrogatory responses are true and correct.

_____
LaNitra Jeter

11/24/21
_____
Date

Subscribed and sworn to me this 24th day of November, 2021.

_____
Notary Public

[NOTARIAL SEAL]

My Commission Expires on:
My Commission Expires January 15, 2023