FILED
2022 May-31 PM 12:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT X

FILED
2021 Jul-14 PM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Birmingham District Office**

Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL  35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 212-2100
FAX (205) 212-2105
Website: www.eeoc.gov

# MEMORANDUM TO FILE
Pre-Determination Interview with Charging Party
Summary Sheet

Telephone:      April 3, 2020
Spoke to:       Lanitra Jeter
Style:          Lanitra Jeter v City of Birmingham, District Attorney Office
                Charge No. 420-2020-00512

1.  A pre-determination interview was conducted with the CP. CP is an African-American, formerly employed by R as a victim services officer. CP alleged she was not allowed to use compensatory time life the other victim services officers, both African-American and Caucasian). PCP alleged she complained about not being able to use compensatory time. PCP alleged prior to Halloween there were decorations placed in the office and a black rat was placed on her door. CP alleged a Caucasian officer came in (30) minutes before work, but she was told she had to work her normal schedule. CP alleged she was discharged by the District Attorney (African-American) on March 16, 2020. CP claims she was discriminated against because of her race (African-American) and harassed in retaliation for her complaint, in violation of Title VII.

2. CP was counseled on recommendation to dismiss and issue notice of rights. CP advised that her claims of disparate treatment, regarding terms and conditions of employment (compensatory time) is self-defeating, because other of her protected group and not of her protected group were allowed to use compensatory time. CP alleged her claim of harassment in retaliation for her complaint of not being allowed to use compensatory time fails, because she did not engage in a protected activity covered by statute (no complaint of discrimination, based on protected group). CP advised her claim of discrimination based on race for discharge fails, because the alleged bad actor who discharged her is the of the same protected group (African-American) and she lack a comparator.

3. CP advised it is unlikely further investigation would produce evidence to support her allegations and show she was more likely than not discriminated against as alleged. CP advised if recommendation is approved, a Dismissal and Notice of Rights will be issued, which affords her the opportunity to pursue the case in federal district court.  CP advised if she should decide to pursue the case in federal court, she must do so within ninety (90) days from the date of her receipt of the Dismissal and Notice of Rights.

*Michael A. Cochran*

Digitally signed by Michael A. Cochran
DN: cn=Michael A. Cochran, o=Equal Employment Opportunity Commission, ou=Birmingham District Office, email=michael.cochran@eeoc.gov, c=US
Date: 2020.04.10 14:41:07 -05'00'

Michael Cochran
Federal Investigator

EEOC Form 291 (2/08)

# MEMORANDUM

## RECOMMENDATION FOR CLOSURE

TO: Eless Brown, Enforcement Manager            CHARGE NO. 420-2020-00512

FROM: Michael A. Cochran, Investigator

SUBJECT:         Lanitra Jeter         v.         City of Birmingham, District Attorney's Office
              *Charging Party*                              *Respondent*

I recommend dismissal/closure of the subject charge based on the following:

☐ Failure to State a Claim

☐ No Covered ADA Disability

☐ Too Few Employees/Members

☐ Untimely

☒ Not Reasonable Cause

☐ Other

☐ Settlement/Mediation  (Including withdrawals with benefits and successful conciliations)

☐ Withdrawal without Benefits

☐ Right to Sue (Issued on Request)

☐ Director must certify: processing unlikely to be completed within 180 days of filing (Title VII/ADA).

Specific information in support of recommendation/decision:

Charging Party ("CP") is an African-American, formerly employed by R as a victim services officer. CP alleged she was not allowed to use compensatory time life the other victim services officers, both African-American and Caucasian). PCP alleged she complained about not being able to use compensatory time. PCP alleged prior to Halloween there were decorations placed in the office and a black rat was placed on her door. CP alleged a Caucasian officer came in (30) minutes before work, but she was told she had to work her normal schedule. CP alleged she was discharged by the District Attorney (African-American) on March 16, 2020. CP claims she was discriminated against because of her race (African-American) and harassed in retaliation for her complaint, in violation of Title VII.

CP was counseled on recommendation to dismiss and issue notice of rights. CP advised that her claims of disparate treatment, regarding terms and conditions of employment (compensatory time) is self-defeating, because other of her protected group and not of her protected group were allowed to use compensatory time. CP alleged her claim of harassment in retaliation for her complaint of not being allowed to use compensatory time fails, because she did not engage in a protected activity covered by statute (no complaint of discrimination, based on protected group). CP advised her claim of discrimination based on race for discharge fails, because the alleged bad actor who discharged her is the of the same protected group (African-American) and she lack a comparator.

Investigator recommends dismissal of the charge because it is unlikely further investigation would produce evidence showing she was more likely than not discriminated against as alleged.  Investigator recommends issuance of the NRTS. CP address verified by correspondence.

Decision by/
Recommendation approved by:  Digitally signed by ELESS BROWN
DN: c=US, o=U.S. Government, ou=Equal Employment Opportunity Commission, cn=ELESS BROWN, 0.9.2342.19200300.100.1.1=45001002834036
Date: 2020.05.14 19:08:48 -05'00'            14 May 2020

*(Signature)*                                                    *(Date:)*

Defendant's Exhibit 1                                        Page 2 of 17


| Run  | : | 03/22/2021 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | Page 2 of 3 |
|---|---|---|---|---|
| Time | : | 09:02:37 | Charge Detail Inquiry | |

| CHARGE # | 420-2020-00512C | FORMALIZED OFFICE | 420 | STAFF | S_IMS Service | DATE INITIAL INQUIRY | 11/18/2019 |
|---|---|---|---|---|---|---|---|
| LEAD CHARGE # | | ACCOUNTABILE OFFICE | 420 | UNIT | 1 | DATE FIRST OFFICE | 04/03/2020 |
| FEPA # | | | | | | DATE DISTRICT | 04/03/2020 |
| | | | | | | THIS OFFICE DATE | 04/03/2020 |

### CHARGING PARTY INFORMATION

Jeter, Lanitra F  
1916 Live Oak Trace  

Home  
Work  
Cell  **(b) (7)(C) 1 Line Redacted**

Race  
Black or African American

BIRMINGHAM   AL   35235   Country   USA  
Sex   F   Date of Birth   Nat Origin   Unable to Obtain Information from Charging  
Email Address   **(b) (7)(C) 1 Line Redacted**

### CHARGING PARTY CONTACT

### RESPONDENT INFORMATION

THE DISTRICT ATTORNEY OFFICE  
801 Richard Arrington Jr. Boulevard North  

Phone   (205) 325-5252   FAX  
R Type   G   SMSA   1000

BIRMINGHAM   AL   35203   Country   USA  
Size  
EEO1 HDQ         EEO1 Unit  
NAICS Code  
Email Address  

### RESPONDENT CONTACT

Respondent Contact Information  
Joe L Roberts - Chief Deputy District Attorney  
OFFICE OF THE DISTRICT ATTORNEY  
801 Richard Arrington Jr. Blv. North  
Birmingham, AL 35203   Country: USA   Phone: (205) 325-5252   Email Address: robertsjo@jccal.org

### PROCESSING INFORMATION

| Communication Method | B | Source of Complaint | | Processing Type | O | **(b) (5) 1 Line Redacted** | |
|---|---|---|---|---|---|---|---|
| Subpoena | | Suspense | D2 | Transfer From: | | Deferral Office | 997 |
| Staff | MICHAEL COCHRAN | | | Staff Assigned Date | 4/2/2020 | Staff Function/Unit | I1 |
| Last Action | 03/19/2021 O1 FOIA Requested Office: 420 F/U: I1 Del: A | | | | | | |
| Final Closure Action | 09/01/2020 13 M3 No Cause Finding Issued Office: 420 F/U: I1 | | | | | | |

### ALLEGATIONS

| Alleg # | 1 | SBI: | T | OR | D2 | Cont Act? | N | Litigation? | | Cause? | | First DOV | 03/16/2020 | Last DOV | 03/16/2020 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Alleg # | 2 | SBI: | T | RB | T2 | Cont Act? | N | Litigation? | | Cause? | | First DOV | 03/16/2020 | Last DOV | 03/16/2020 |
| Alleg # | 3 | SBI: | T | RB | D2 | Cont Act? | N | Litigation? | | Cause? | | First DOV | 03/16/2020 | Last DOV | 03/16/2020 |

### BENEFITS
### ACTION HISTORY

| Date | Seq | Code | Description | Attributes | Office | F/U | Del |
|---|---|---|---|---|---|---|---|
| 03/26/2020 | 1 | G1 | Assigned To Staff | 1:ATH 2:A | 420 | I1 | |
| 04/02/2020 | 2 | G1 | Assigned To Staff | 1:MAC 2:W | 420 | I1 | |
| 04/03/2020 | 3 | G4 | CP Contact/Interview | | 420 | I1 | |
| | | | **(b) (5) 1 Line Redacted** . | | | | |
| 04/03/2020 | 4 | AB | Formalize Charge | | 420 | I1 | |
| 04/10/2020 | 5 | **(b) (5) 1 Line Redacted** | | | 420 | I1 | |
| 05/14/2020 | 6 | **(b) (5) 1 Line Redacted** | | | 420 | I1 | |
| 06/03/2020 | 7 | G4 | CP Contact/Interview | | 420 | I1 | |
| | | | email to CP with status update | | | | |
| 08/17/2020 | 8 | **(b) (5) 1 Line Redacted** | | | 420 | I1 | |
| 08/17/2020 | 9 | M3 | No Cause Finding Issued | | 420 | I1 | Y |

| Run  | : | 03/22/2021 | EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | Page | 3 | of | 3 |
| Time | : | 09:02:37   | Charge Detail Inquiry                   |      |   |    |   |

| Date | # | Code | Description | Reference | | |
|---|---|---|---|---|---|---|
| 08/17/2020 | 10 | O1 | FOIA Requested | 1:420-2020-015471 | 420 | I1 |
| 08/18/2020 | 11 | O3 | FOIA Fully Denied | 1:420-2020-015471 2: | 420 | I1 |
| 08/20/2020 | 12 | **(b) (5) 1 Line Redacted** | | | 420 | I1 |
| 09/01/2020 | 13 | M3 | No Cause Finding Issued | | 420 | I1 |
| 11/02/2020 | 14 | O1 | FOIA Requested | 1:420-2021-001572 | 420 | I1 |
| 11/03/2020 | 15 | O4 | FOIA Partially Granted/Denied | 1:420-2021-001572 2: | 420 | I1 |
| 03/19/2021 | | O1 | FOIA Requested | 1:420-2021-001937 | 420 | I1 |

**IMS NOTES**

| Note Date | 04/03/2020 | **Subject** | Form 5 Particulars | **Created By** | Cochran, Michael |
|---|---|---|---|---|---|

**Note** See attached document for charge particulars.

In addition, I believe that I was discharged on March 16, 2020, because of my race (African-American) and in retaliation for my complaints to the employer, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| Note Date | 04/03/2020 | **Subject** | Intake Interview (Telephone) | **Created By** | Cochran, Michael |
|---|---|---|---|---|---|

**Note** PCP advised of investigator's role (unbiased and neutral, fact-finder) and of the laws that the EEOC enforces.
PCP counseled on right to file charge regardless of investigator's recommendation at the end of this interview.
PCP advised that he/she has (180) days from the last date of harm to file a charge with the Commission and, if the charge is not filed, the claims may be considered time-barred under the law.
PCP is B/F and alleged she was hired on April 1, 2019, as a Victim Service Officer to work 7:30 a.m. to 4:30 p.m.
Comparators: Victim Service Officers are Erin Barefield (F/Caucasian), Elise Driskill (F/W), Cheryl Black (F/W)
Judy Yates, Victim Services Coordinator (F/Caucasian) is CP?s Immediate Supervisor.
September 23, 2019, PCP alleged she was told she could no longer accrue comp time by Judy Yates.
PCP alleged that that she is not aware of any policy governing compensatory time. PCP alleged that she and others are allotted (90 minutes for lunch, which is two (15) minute breaks and (60) minute lunch). PCP alleged that it was easier for her to just work through lunch and not take it, which allowed her to accrue compensatory time. PCP alleged that she started this practice in May or June 2019. PCP alleged that she used the accrued compensatory time for doctor appointments (not related to disability).
PCP alleged in October 2019 PCP met with Judy Yates and Michael McCurry, (Caucasian) and was given the reason that co-workers took note that she left a lot from work and it looked like every time she accrued compensatory time she used it and it did not look like she was working enough to accrue comp time.
CP alleged n October 2019, she emailed complaint to Joe Roberts, Asst. District Attorney (October 2019) asked him what she needed to do if she wanted to discuss a concern without going through her supervisor. PCP stated that the complaint was not based on discrimination or harassment, simply that her compensatory time was restricted.
PCP alleged on November 12, 2019, Judy Yates comp time reinstated with restriction (7:30 a.m.- 4:30 p.m.)
PCP alleged that Caucasian officer, Elise Driskill, was allowed to come in 7:00 a.m. to 4:30 p.m. PCP stated that she speculated that Driskill was allowed to accrue (30) minutes of compensatory time daily because they all use an electronic card/key system that tracks when they arrive and depart.
PCP alleged in October he met with Danny Carr about that Black Rat on her office door, the fact that she was not allowed to accrue compensatory time and that you were receiving calls on her personal cell phone. PCP stated that there were other Halloween decorations put up around the office by Judy Yates and that the black rat appeared before Halloween and it was taken down shortly thereafter.
PCP alleged on March 16, 2020, she was terminated by letter delivered to her by Joe Roberts, Asst. District Attorney, and (2) Sheriff Deputies. PCP alleged that the letter quotes a portion of the State law that authorizes her discharge.
PCP alleged that she sent an e-mail to Tamara Martin, Judy Yates supervisor, asking for a reason for the discharge. PCP alleged that the night prior to her discharge she participated in a group text message, regarding the potential they would all start telework due to COVID-19. PCP said this has nothing to do with her charge.
Religion: PCP said she was not discriminated against because of religious beliefs.
Color: PCP said this does not apply, she meant race.
Retaliation: PCP acknowledged that she never engaged in a protected activity covered by statute.
PCP alleged that her claim regarding discharge lacks a comparator and that the person who discharged her is of the same protected group (Race-African-American).
PCP alleged that mere speculation a person accrues (30) minutes of compensatory time, because they arrive early to work is not evidence.
PCP advised based on info provided it is unlikely inv would produce info showing more likely than not that he was discriminated against because of a protected group under the statutes we enforce.
PCP advised of recommendation to dismiss without inv. and issuance of NRTS.
PCP counseled on (90) days to file in court upon receipt of NRTS
PCP chose to use her prior correspondence as charge rather than have investigator type form 5.

| Note Date | 08/17/2020 | **Subject** | foia req from cp emailed to a. vickers | **Created By** | Lindsey, Jeannette K |
|---|---|---|---|---|---|

**Note**

| EEOC Form 161 (11/16) | **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** |
|---|---|

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lanitra F. Jeter<br>1916 Live Oak Trace<br>Birmingham, AL 35235 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street South<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2020-00512 | **MICHAEL COCHRAN,**<br>Investigator | (205) 651-7047 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*  FOR  **SEP 0 1 2020**

| Enclosures(s) | **BRADLEY A. ANDERSON,**<br>**District Director** | *(Date Mailed)* |
|---|---|---|

cc: **OFFICE OF THE DISTRICT ATTORNEY**
c/o Danny Carr
District Attorney
801 Richard Arrington Jr. Blvd. North
Birmingham, AL 35203

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>420-2020-00512 |
|---|---|---|

_____null_____ and EEOC
State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MS. LANITRA F JETER | ■ | |

| Street Address | City, State and ZIP Code |
|---|---|
| 1916 LIVE OAK TRACE, BIRMINGHAM, AL 35235 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| THE DISTRICT ATTORNEY OFFICE | | (205) 325-5252 |

| Street Address | City, State and ZIP Code |
|---|---|
| 801 RICHARD ARRINGTON JR. BOULEVARD NORTH, BIRMINGHAM, AL 35203 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE    ☐ COLOR    ☐ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN
☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 03-16-2020    Latest: 03-16-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached document for charge particulars.

In addition, I believe that I was discharged on March 16, 2020, because of my race (African-American) and in retaliation for my complaints to the employer, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Lanitra Jeter on 04-03-2020 04:26 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Defendant's Exhibit 1                                              Page 7 of 17
                                                                   DA001464

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

02:04:41 p.m. 20-03-2020

# FAX

RECEIVED
U.S. EEOC
MAR 20 2020
Birmingham District Office

From: **LaNitra Jeter**    To: **Intake Unit**

Fax: _____    Fax: **(205) 212-2105**

Phone ███████████    Phone ███████████

Date: **March 20, 2020**

Subject: **Inquiry Case 420-2020-00512**

Comments: **My inquiry expires 3/21/20. I would like to file a charge of discrimination on the above case.**
                                **Thanks**

02:04:41 p.m. 20-03-2020    2

March 20, 2020

La Nitra Jeter
(b) (7)(C) 1 Line Redacted
1916 Live Oak Trace
Birmingham, AL 35235
(b) (7)(C) 1 Line Redacted

RECEIVED
U.S. EEOC
MAR 20 2020
Birmingham District Office

The Office of The District Attorney Office
carrd@jccal.org
801 Richard Arrington Jr. Blvd North
Birmingham, AL 35203
(205) 325-5252

Date of Incident: September 23, 2019

RE: Case 420-2020-00512

To Whom it May Concern,

I want to file a charge of discrimination against The District Attorney Office of Danny Carr. While employed under the District Attorney I was the only African American Victim Service Officer in the office, and I was treated very differently than my Caucasian coworkers. I experienced discrimination based on race, color, religion and retaliation on a constant basis. I was harassed by my Supervisor Judy Yates in various ways off and on during my employment. Having to deal with the discrimination caused me to have increased (b) (7)(C) 1 Line Redacted thoughts and isolation from some coworkers.

On September 23, 2019, I was informed by my supervisor Judy Yates that I was no longer allowed to accrue comp time as my fellow coworkers did. I asked why, but no reason was given at that time. I advised Ms. Yates that I had a doctor's appointment that afternoon that I could not miss. I was informed by Ms. Yates that I would need to bring an excuse back to the office in order to go to my appointment. I followed the directions given to me and brought an excuse back to Ms. Yates.

I later met with Ms. Judy Yates and Michael McCurry in reference to me being prohibited from accruing comp time. At the meeting I was advised I am no longer allowed to receive comp time because it appeared as soon as I accrued the comp time, I utilized it for whatever reason and other employees, within the office, had noticed. I asked, "if I have legitimately accrued comp time and it is available to me to use why am I being penalized for using it?" I received no answer from either party. I advised both Judy and Michael that my

husband has medical issues which sometimes prohibits him from driving so I must take him to his appointments. I myself have a medical issue I am trying to rectify with my provider along with upcoming court dates. I attempted to explain the circumstances to Michael McCurry and Judy Yates but was advised it is my business the reasons I use my comp time. After becoming very frustrated and upset I went back to my office unable to accrue comp time with no legitimate reason given. The other four Caucasian victim service officers in the office could accrue comp time and leave the office for hair appointments, because it gets dark outside and other reasons with no consequences.

    During the time I could not accrue comp time I missed several doctor's appointments that I needed to go to. My husband missed doctor's appointments as well. On November 12, 2019 I met with Judy Yates and informed her that I needed to have my comp time reinstated. I advised her that my husband has an upcoming surgery and I did not have any time accrued for his procedure or if an emergency arose and I needed to be off. After being prohibited to accrue comp time for over a month's time Judy Yates granted my request but with restrictions. I was only allowed to come into the office from 7:30am to 4:30pm, whereas another officer, who is Caucasian, could come into the office from 7:00am to 4:30pm and accrue additional comp time.

    I emailed a complaint to the Assistant District Attorney, Joe Roberts, with no resolution. Joe Roberts informed me to follow the chain of command and to only utilize the Assistant and District Attorney after that has been done. I followed the chain of command as instructed and discussed my issues and concerns with my Supervisor. A few days later I came to work, and a cut out of a large black rat had been placed on my name place by my officer door. This upset me tremendously and I took a photo of the image. I asked my coworkers who placed the rat on my name plate but received no response. The black rat remained on my name plate for weeks and was eventually removed by an unknown individual. I was being called a black rat as retaliation and harassment because I submitted a complaint against my supervisor to her supervisor.

    I have endured discriminated against me in my office because I am African American, I reported my supervisor for misconduct and I reported inaccuracies of my supervisor. I have been stripped of employment privileges, constantly harassed by management and forced to work in a hostile environment. I'm sure I left out pertinent information and details so If you have additional questions or need additional information I can be reached at **(b) (7)(C) 1 Line Redacted** and **(b) (7)(C) 1 Line Redacted**.

Respectfully,

LaNitra Jeter

# ALICIA VICKERS

| | |
|---|---|
| **From:** | MICHAEL COCHRAN |
| **Sent:** | Wednesday, June 03, 2020 8:03 AM |
| **To:** | **(b) (7)(C) 1 Line Redacted** |
| **Subject:** | EEOC Charge No. 420-2020-00512 (Lanitra Jeter v The District Attorney Office) |

Ms. Jeter,

Thank you for the voicemail that you left for me, regarding a status update for the referenced charge of discrimination. Per our discussion on April 3, 2020, your charge was filed with the recommendation to dismiss and issue you a notice of rights which, upon receipt, affords you (90) days to file a lawsuit against the employer in Federal District Court.

The Commission has suspended the issuance of dismissals and notice of rights, due to the COVID-19 health concerns in an attempt to preserve the (90) day period that you have to file a lawsuit in Federal District Court. Once the suspension is lifted, you will receive your dismissal/notice of rights and the (90) day period will being upon your receipt.

Respectfully,

*Michael A. Cochran*

Federal Investigator
U.S. Equal Employment Opportunity Commission
Birmingham District Office
1130 22nd Street South, Suite 2000
Telephone: (205) 651-7047
Fax: (205) 212-2105



**U.S. Equal Employment Opportunity Commission**
**Birmingham District Office**
Ridge Park Place
1130 22nd Street South
Birmingham, AL 35205

## NOTICE OF CHARGE OF DISCRIMINATION

(This Notice replaces EEOC FORM 131)

## DIGITAL CHARGE SYSTEM

April 12, 2020

**To:** Danny Carr
District Attorney
OFFICE OF THE DISTRICT ATTORNEY
carrd@jccal.org

This is notice that a charge of employment discrimination has been filed with the EEOC against your organization by Lanitra F. Jeter, under: Title VII of the Civil Rights Act (Title VII). The circumstances of the alleged discrimination are based on Retaliation and Race, and involve issues of Discharge and Terms/Conditions that are alleged to have occurred on or about Mar 16, 2020.

The Digital Charge System makes investigations and communications with charging parties and respondents more efficient by digitizing charge documents. The charge is available for you to download from the EEOC Respondent Portal, EEOC's secure online system.

Please follow these instructions to view the charge within ten (10) days of receiving this Notice:

1. Access EEOC's secure online system: https://nxg.eeoc.gov/rsp/login.jsf
2. Enter this EEOC Charge No.: 420-2020-00512
3. Enter this temporary password: [(b) (7)(C) 1 Line Redacted]

Once you log into the system, you can view and download the charge, and electronically submit documents to EEOC. The system will also advise you of possible actions or responses, and identify your EEOC point of contact for this charge.

If you are unable to log into the EEOC Respondent Portal or have any questions regarding the Digital Charge System, you can send an email to birmintake@eeoc.gov.

### Preservation of Records Requirement

EEOC regulations require respondents to preserve all payroll and personnel records relevant to the charge until final disposition of the charge or litigation. 29 CFR §1602.14. For more information on your obligation to preserve records, see http://eeoc.gov/employers/recordkeeping.cfm.

### Non-Retaliation Requirements

The laws enforced by the EEOC prohibit retaliation against any individual because s/he has filed a charge, testified, assisted or participated in an investigation, proceeding or hearing under these laws. Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. For more information, see http://www.eeoc.gov/laws/types/facts-retal.cfm.

### Legal Representation

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please provide the attorney's contact information when you log in to the online system.

Please retain this notice for your records.

Dear Small Business Manager:

The Equal Employment Opportunity Commission (EEOC) is the federal agency with primary responsibility for enforcing our nation's equal employment opportunity (EEO) laws. The laws we enforce prohibit job discrimination based on race, color, religion, sex (including on the basis of pregnancy, gender identity, or sexual orientation), national origin, age, disability, retaliation and genetic information.

The attached Fact Sheet provides an overview of the EEOC's procedures from the time a charge of employment discrimination is filed to the point that it is resolved.

We encourage you to visit our online Small Business Resource Center, which provides a wealth of information designed to help small businesses. We offer tips and short videos on key employment topics including what to do when you receive a charge of discrimination.

In most cases, as our first step in processing a charge, we offer mediation as a neutral, voluntary and confidential way to achieve a mutually satisfactory resolution for all parties. Seventy-five percent of charges that are mediated are successfully resolved. In an independent study, 96% of employers who tried the EEOC's mediation program said they would use it again if the need arose.

In addition to the EEOC representative identified on the Notice of Charge of Discrimination, each of our district offices has a Small Business Liaison to provide technical assistance and help employers resolve questions about the laws we enforce, our mediation program, and the charge process. You can find the names and contact information of our Small Business Liaisons on our web site.

We encourage you to contact the Small Business Liaison in your area to answer any questions you may have and assure you that any inquiry or request for information will not adversely affect the investigation of the charge that has been filed.

Yours truly,

U.S. Equal Employment Opportunity Commission

### Find the Answers at EEOC's Small Business Resource Center

The EEOC's [Small Business Resource Center](www.eeoc.gov/employers/smallbusiness) is filled with useful information for small business and can connect you with EEOC staff in your area who can help you.

- *Have a question? Need training for your staff or one-on-one assistance?*

    To request information about the EEOC, training on federal employment discrimination laws or an explanation of the charge process, contact your local EEOC Small Business Liaison. We are here to help.

- *Want quick information online?*

    The EEOC's Small Business Liaisons have created [videos](#) with the small business owner in mind and the simple straightforward information that you need most. For example, you may need to know what questions you shouldn't ask in a job interview, and other tips for the hiring process.

    Also see our [Frequently Asked Questions](#).

- *Need an employment policy or practical tips on preventing job discrimination?*

    See [10 Quick Tips for Small Business](#).

- *Need to know more about EEOC's charge process?*

    We have a video on [Responding to a Charge of Discrimination](#).

- *What is mediation?*

    The EEOC's [mediation program](#) offers a free, voluntary, confidential and informal resolution process for many charges of discrimination. Mediations are conducted by a neutral mediator. If mediation is successful, there is no investigation.

- *Want information about a specific topic?*

    Our [Resources](#) page explains the types of employment discrimination covered by the EEOC's laws as well as the legal requirements you need to know.

We can also direct you to [other federal agencies](#) for information on issues such as minimum wage and overtime pay or family and medical leave. The [Resources](#) page gives a link to small business assistance from the [SBA](#) and provides information on the Small Business Regulatory Enforcement Fairness Act (SBREFA), which allows small businesses to comment on federal agency enforcement actions to the [SBA Ombudsman](#).

You can order our [Publications](#) online free of charge or print them for use. You can also order the EEOC's poster, "EEO Is The Law," [here](#).

**For more information and assistance call the EEOC toll-free at 1-800-669-4000 or use our sign language access line at 1-844-234-5122 (ASL Video Phone)**